UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENISE POLLINGTON,

      Plaintiff,

                                        Case No. 16-10812

v.

                                        Hon. John Corbett O'Meara

G4S SECURE SOLUTIONS (USA),
INC., and KEVIN BAKER,

      Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

Before the court is Defendants' amended motion for summary judgment,

filed January 26, 2017. The court heard oral argument on March 23, 2017, and

took the matter under advisement. For the reasons explained below, Defendants'

motion is granted.

**BACKGROUND FACTS**

Plaintiff Denise Pollington worked for Defendant G4S Secure Solutions as a

Human Resources Manager. Defendant terminated her employment in an alleged

reduction in force in August 2013. Plaintiff contends that she was terminated

because she exercised her rights under the Workers' Disability Compensation Act

(WDCA). Plaintiff was diagnosed with a gastrointestinal condition (including

stomach bleeding) that was exacerbated by stress at work.  She did not file a

workers' compensation claim, alleging that she worried about losing her job if she

did.  Plaintiff contends that she informed her supervisor, Kevin Baker, about her

diagnosis in the spring of 2013.  According to Plaintiff, Baker reacted negatively to

her need for medical treatment and time off, and suggested that she may want to

reduce her hours to part time.

Defendants contend that Plaintiff's job was eliminated in August 2013 to

reduce overhead.  Plaintiff argues that there was no general reduction in force and

that she was the only person in management terminated.  Plaintiff claims that she

was terminated in retaliation for exercising her right to seek medical care under the

WDCA.

## LAW AND ANALYSIS

## I.    Standard of Review

Summary judgment is appropriate if "there is no genuine issue as to any

material fact and . . . the moving party is entitled to a judgment as a matter of law."

Fed. R. Civ. P. 56(c).  When reviewing a motion for summary judgment, the facts

and any reasonable inferences drawn from the facts must be viewed in the light

most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith

Radio Corp., 475 U.S. 574, 587 (1986).

## II.     Retaliation under the WDCA

"To establish a prima facie case of retaliation under the WDCA, an employee who has suffered a work-related injury must present evidence: (1) that the employee asserted a right to obtain necessary medical services or actually exercised that right, (2) that the employer knew that the employee engaged in this protected conduct, (3) that the employer took an employment action adverse to the employee, and (4) that the adverse employment action and the employee's assertion or exercise of a right afforded under M.C.L. 418.315(1) were casually connected."  Cuddington v. United Health Servs., Inc., 298 Mich. App. 264, 275 (2012).

Defendants contend that Plaintiff cannot establish a prima facie case because she did not engage in protected activity under the WDCA.  According to Defendants, Plaintiff did not engage in protected activity because she did not file a workers' compensation claim prior to her termination.  However, the "plain language of MCL 418.301(13) establishes that a petition for workers' compensation benefits is not a condition precedent to *all* retaliatory discharge claims." Cuddington, 298 Mich. App. at 272.  Rather, an employee may allege retaliatory discharge "because of the exercise by the employee . . . of a right afforded by this act." Id. (citing M.C.L. 418.301(13)).  The WDCA "affords

injured employees the right to seek reasonable medical services and medicines for work-related injuries." Id. at 273.

In Cuddington, the plaintiff was injured in an auto accident during the course of his employment. He elected not to got to the hospital immediately after the accident. The next morning, he had difficulty getting out of bed and sought medical attention. His employer told him that he must come to work or be fired. The plaintiff saw his doctor instead of reporting for work and was fired the next day. The plaintiff filed a claim for workers' compensation benefits and sued his employer for retaliation under the WDCA. The Michigan Court of Appeals recognized that the plaintiff "had a right to seek medical consultation concerning his employment-related injury." Cuddington, 298 Mich. App. at 273. The court noted that if filing a workers' compensation claim was required to show retaliation, the result would be "a foot race, with the winner being determined by the event first to occur – either the firing of the employee or the filing of a claim with the Workers' Compensation Board." Id. (citation omitted).

In this case, Plaintiff sought medical attention from her doctor for a chronic condition over a period of time. According to Plaintiff, her condition worsened in February of 2012. Plaintiff's Dep., Def.'s Ex. 2 at 130-31. In the spring of 2013, Plaintiff told Baker that she might need additional medical care for her condition,

which her doctors thought was work related.  Pl's Dep., Pl.'s Ex. B at 7-8; Defs.'

Reply, Ex. 1 at 144.   Plaintiff testified that Baker had a negative reaction to this

information: "his face went red." Pl.'s Ex. B at 7-8.  According to Plaintiff, Baker

did not attempt to convince her not to take time off. Id.  Plaintiff subsequently

testified that Baker also became upset when she requested time off before an audit

due to her husband's knee replacement. Id. at 10.

Because of Baker's negative reaction to her illness and need for time off,

Plaintiff decided not to file a workers' compensation claim.  "I decided the safest

thing for my employment security would be to just handle it medically with my

own insurance and, you know, just move on." Id. at 15.  Plaintiff never told Baker

that she was thinking of filing a workers' compensation claim or visiting her

employer's workers' compensation panel physician. Defs.' Reply Ex. 1 at 145.

Plaintiff has not provided evidence that Baker attempted to discourage her from

filing a workers' compensation claim.

In order to present a prima facie case of retaliation under the WDCA,

Plaintiff must have engaged in protected activity, that is "the exercise by the

employee . . . of a right afforded by this act." M.C.L. 418.301(13).  Plaintiff argues

that she engaged in protected activity by seeking medical treatment for her work-

related illness.  As a general proposition, an employee has a right under the WDCA

to seek medical care for a work-related illness or injury. Plaintiff seems to suggest that an employee regularly seeking treatment on her own for a chronic condition, outside the workers' compensation scheme, who has no intention of filing a workers' compensation claim, is exercising a right under the WDCA. This stretches the definition of a "right afforded by the act" beyond what can be supported by the statute.

The WDCA provides a scheme under which employers compensate and provide medical care to employees who are injured during the course of their employment. The act provides that the "right to recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer for a personal injury or occupational disease." M.C.L. 418.131. The statute further provides that the "employer shall furnish, or cause to be furnished, to an employee who receives a personal injury arising out of and in the course of employment, reasonable medical surgical, and hospital services and medicines, or other attendance or treatment recognized by the laws of this state as legal, when they are needed." M.C.L. 418.315(1). In addition, "[a]fter 28 days from the inception of medical care as provided in this section, the employee may treat with a physician of his or her own choice by giving the employer the name of the physician and his or her intention to treat with the physician." Id.

The statute provides an employee the right to seek medical care for a work-related injury or illness, within the scheme and under the conditions set forth therein. It does not provide a general right to seek treatment and leave as the employee sees fit, without regard to the statutory scheme. Plaintiff had a right to treat with the physician of her choosing under the WDCA, but only *after* "28 days from the inception of medical care as provided in this section" and *after* giving her employer the name of her physician and notice of her intent to treat with that physician. Id. Plaintiff did not attempt to fulfill these conditions, and went through her own health insurance rather than filing a workers' compensation claim.[1] See generally Gjokaj v. U.S. Steel Corp., 2016 WL 4437672 (E.D. Mich. Aug., 23, 2016) (finding the plaintiff "was not asserting a right afforded to him under the WDCA when he failed to follow the directive to report to Plant Medical because he wanted to treat with his own physician"). This distinguishes this case from Cuddington, in which the plaintiff was terminated immediately after seeking medical attention and before he had the opportunity to file a workers' compensation claim.

---

[1] Plaintiff argues that she did not file a workers compensation claim because she feared that she would be terminated. Plaintiff does not provide evidence demonstrating an objective basis for this belief. Although Baker may have reacted negatively to Plaintiff's requests for time off, there is no evidence that Plaintiff raised the issue of workers' compensation or that Baker attempted to discourage her from filing a claim.

Under the unique circumstances presented here, the court finds that Plaintiff did not exercise "a right afforded by" the WCDA and that, therefore, she cannot set forth a prima facie case of retaliation.  The court will grant summary judgment in favor of Defendants.

## **ORDER**

IT IS HEREBY ORDERED that Defendants' amended motion for summary judgment is GRANTED.

s/John Corbett O'Meara
United States District Judge

Date:  April 18, 2017

I hereby certify that a copy of the foregoing document was served counsel of record on this date, April 18, 2017, using the ECF system.

s/William Barkholz
Case Manager